JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09557-JLS-MAR                                     Date: February 13, 2024
Title:  50 Exchange Terrace LLC v. Mount Vernon Specialty Insurance Company

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Gabby Garcia  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| :---: | :---: |
| Not Present | Not Present |

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**

The Court ordered the parties to provide supplemental briefing on whether the Court must dismiss this action for lack of Article III standing and/or ripeness.  (Supp. Br. Order, Doc. 15.)  Both parties submitted supplemental briefing.  (Pl. Br., Doc. 18; Def. Br., Doc. 19.)  Having reviewed the parties' briefing, the Court DISMISSES this action WITHOUT PREJUDICE for lack of standing and ripeness.

I. **LEGAL STANDARD**

"Article III of the Constitution empowers [federal courts] to adjudicate only 'live cases or controversies,' not to issue advisory opinions or to declare rights in hypothetical cases." *Safer Chemicals, Healthy Fams. v. EPA*, 943 F.3d 397, 410 (9th Cir. 2019) (cleaned up).  To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016).  An "injury in fact" is "an invasion of a legally protected interest" that is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09557-JLS-MAR                                                       Date: February 13, 2024
Title:  50 Exchange Terrace LLC v. Mount Vernon Specialty Insurance Company

"(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

"Ripeness is another doctrine that [federal courts] use to determine whether a case presents a live case or controversy over which [they] have jurisdiction under Article III."  *Safer Chemicals*, 943 F.3d at 411 (cleaned up).  For a case to be constitutionally ripe, it "must present issues that are definite and concrete, not hypothetical or abstract."  *Id.*  "Sorting out where standing ends and ripeness begins is not an easy task, so constitutional ripeness is often treated under the rubric of standing because ripeness coincides squarely with standing's injury in fact prong."  *Id.* (cleaned up).

**II.        ANALYSIS**

In its order requesting supplemental briefing, the Court explained its basis for suspecting that it may lack subject-matter jurisdiction:

> Here, Plaintiff 50 Exchange seems to assert two injuries, but the Court questions whether either is "actual and imminent" for purposes of Article III standing and ripeness.  *Lujan*, 504 U.S. at 560; *Safer Chemicals*, 943 F.3d at 411.
>
> ***First***, 50 Exchange seems to assert an injury flowing from its belief that Mount Vernon's "repair cost estimate . . . significantly understated the reasonable cost to repair" 50 Exchange's property. (Compl., Doc. 1-2 ¶¶ 16, 22.)  The parties' insurance agreement sets out a loss appraisal process, including where the parties' repair-cost estimates diverge. (*See* Pet. & Exs., Doc. 9-5 at 51.)  If the parties retain appraisers and those appraisers "fail to agree" as to the cost of repairs, "they will submit their differences to [an] umpire." (*Id.*)  "A decision agreed to by any two [of 50

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09557-JLS-MAR            Date: February 13, 2024
Title: 50 Exchange Terrace LLC v. Mount Vernon Specialty Insurance Company

> Exchange's appraiser, Mount Vernon's appraiser, and the umpire] will be binding." (*Id.*) Mount Vernon has petitioned a Rhode Island state court to appoint an appraisal umpire. (*Id.* at 2–8.) And 50 Exchange "does not dispute that an appraisal will be necessary." (Compl., Doc. 1-2 ¶ 22.)
>
> It appears to the Court that 50 Exchange, by filing this lawsuit before the concededly "necessary" appraisal process has culminated, asks the Court to consider a purely hypothetical dispute. At this point, the Court has no way of knowing whether 50 Exchange will be injured by the appraisal and, if so, the extent of that injury. For example, if the umpire were to agree with 50 Exchange's loss estimate, then 50 Exchange would suffer no monetary loss as a result of the appraisal process.
>
> ***Second***, Plaintiff seems to assert an injury arising out of Mount Vernon's alleged "insistence on an appraisal" before it pays 50 Exchange $542,064.01 in funds withheld for depreciation. (Compl., Doc. 1-2 ¶¶ 20–21.) As mentioned, 50 Exchange concedes "that an appraisal will be necessary" (*id.* ¶ 22), and Mount Vernon has already petitioned a Rhode Island state court to appoint an appraisal umpire (Pet. & Exs., Doc. 9-5 at 2–8). The Court does not see how 50 Exchange is injured by a contractual condition precedent to payment, namely, the appraisal, where that appraisal process is underway and 50 Exchange concedes it is "necessary."

(Supp. Br. Order, Doc. 15 at 2–3.)

Plaintiff's supplemental brief is unresponsive to the Court's concerns. (*See generally* Pl.'s Supp. Br., Doc. 18.) Indeed, Plaintiff's only developed argument is that it has standing because it seeks a declaratory judgment. (*Id.* at 5.) However, Article III

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09557-JLS-MAR                                                        Date: February 13, 2024

Title:  50 Exchange Terrace LLC v. Mount Vernon Specialty Insurance Company

justiciability requirements are "not relaxed in the declaratory judgment context." *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1022 (9th Cir. 2023) (citation omitted).  Like all plaintiffs, a "party seeking declaratory relief must demonstrate the three elements that comprise the 'irreducible constitutional minimum of standing.'"  *Id.* (citation omitted).  Therefore, Plaintiff cannot sidestep its inability to plead "an actual and imminent" injury by noting that it seeks declaratory relief.

### III.    CONCLUSION

This action is DISMISSED WITHOUT PREJUDICE for lack of Article III standing and ripeness.

Initials of Deputy Clerk: gga